UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JUAN A. CALDERON,
and other similarly situated individuals,

    Plaintiff (s)

v.

STUART SUPREME, INC.,
EVENS SAINVIL,
and ANASTHASIE OSIRUS, individually,

    Defendants,
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JUAN A. CALDERON, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants STUART SUPREME, INC., EVENS SAINVIL, and ANASTHASIE OSIRUS, individually and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff JUAN A. CALDERON is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant STUART SUPREME, INC. (hereinafter STUART SUPREME, or Defendant) is a Florida Profit Corporation with a place of business within the jurisdiction

of this Court. At all times material Defendant STUART SUPREME was and is engaged in interstate commerce.

4. The individual Defendants EVENS SAINVIL, and ANASTHASIE OSIRUS were and are owners/partners and directed operations of the Defendant Corporation STUART SUPREME.

5. All the actions raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from the Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 2017, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant STUART SUPREME is a retail business operating as Shell gas station, carwash, auto repair shop, and convenience store. This facility is located at 9841 Kendall Drive, Miami, Florida 33173, where Plaintiff worked.

8. Defendants STUART SUPREME, EVENS SAINVIL, and ANASTHASIE OSIRUS employed Plaintiff JUAN A. CALDERON as a cashier and general store employee, from approximately September 29, 2016, to the present. Plaintiff is still employed by Defendants. To this date, Plaintiff has been employed for Defendants for 3 years plus 7

months. However, for FLSA's purposes Plaintiff's relevant period of employment is 156 weeks.

9. Plaintiff was a full time, non-exempted, hourly employee. Within the relevant employment period, Plaintiff was paid at the regular rate of $9.00 an hour. Plaintiff's overtime rate should be $13.50 an hour.

10. Plaintiff's responsibilities included all the duties of a store attendant, including helping customers, cashier, receiving incoming shipments, stocking shelves, handling inventory, managing cash, cleaning bathrooms and floors, and all the work related to a gas station/convenience store operation.

11. During the relevant time of employment with Defendants, Plaintiff had an irregular schedule. But most of the time Plaintiff worked 5 days per week, Plaintiff had Mondays and Tuesdays off.  Plaintiff worked on Wednesdays from 2:00 PM to 10:00 PM (8 hours); on Thursdays, Fridays, and Saturdays, the Plaintiff worked from 2:00 PM to 6:00 AM (16 hours each day).  Every week Plaintiff completed 64 working hours.

12. Plaintiff was unable to take bonafide lunch periods.

13. Plaintiff was paid for 40 regular hours at his regular rate of $9.00 an hour. Every week Plaintiff worked a substantial number of hours in excess of 40, but he was not paid for his overtime hours as required by the FLSA.

14. Plaintiff did not clock-in and out. Nevertheless, Defendants were able to track the hours worked by Plaintiff and other similarly situated employees, because Plaintiff worked under the supervision of the owners of the business, and because he was under constant security cameras surveillance.

15. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff was paid bi-weekly with paystubs that did not show basic information such as the total number of days and hours worked. Plaintiff's paystubs never reflected the real number of hours worked by Plaintiff.

17. Plaintiff was never in agreement with the number of hours paid to him by the Defendants.

18. Plaintiff is not in possession of time and payment records, but he will provide a good faith of unpaid overtime based on the best of his recollections.

19. Plaintiff seeks to recover overtime pay for every hour more than 40 that he worked during his entire period of employment with Defendants, plus liquidated damages, and any other remedy allowable by law.

20. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

21. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. This cause of action is brought by Plaintiff JUAN A. CALDERON as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs and

reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

23. Defendant STUART SUPREME is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating simultaneously as a gas station, carwash, auto repair shop, convenience store, and food and beverage business. Defendant uses the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

24. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce by providing services and support to firms and individuals engaged in commerce or in the production of goods for commerce. Additionally, Plaintiff routinely handled credit card transactions. Therefore, there is FLSA individual coverage.

25. Defendants STUART SUPREME, EVENS SAINVIL, and ANASTHASIE OSIRUS employed Plaintiff JUAN A. CALDERON as a cashier and general store employee, from approximately September 29, 2016, to the present. Plaintiff is still employed by Defendants. To this date, the Plaintiff has been employed by Defendants for 3 years plus 7 months. However, for FLSA's purposes Plaintiff's relevant period of employment is 156 weeks.

26. Plaintiff was a full time, non-exempted, hourly employee. Within the relevant employment period, Plaintiff was paid at the regular rate of $9.00 an hour. Plaintiff's overtime rate should be $13.50 an hour.

27. During the relevant time of employment with Defendants, Plaintiff had an irregular schedule. But most of the time Plaintiff worked 5 days per week, an average of 64 working hours. Plaintiff was unable to take bonafide lunch periods.

28. Plaintiff was paid for 40 regular hours at his regular rate of $9.00 an hour. Every week Plaintiff worked a substantial amount of overtime hours, but he was not paid for his overtime hours as required by the FLSA.

29. Plaintiff did not clock-in and out. Nevertheless, Defendants were able to track the hours worked by Plaintiff and other similarly situated employees, because Plaintiff worked under the supervision of the owners of the business, and because he was under constant security cameras surveillance.

30. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

31. Plaintiff was paid bi-weekly with paystubs that did not show basic information such as the total number of days and hours worked. Plaintiff's paystubs never reflected the real number of hours worked by the Plaintiff.

32. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, the Defendants did not maintain time records of hours worked by Plaintiff and other employees.

33. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime hours are calculated as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

       Fifty Thousand Five Hundred Forty-Four Dollars and 00/100 ($50,544.00)

    b. <u>Calculation of such wages</u>:

       Total time of employment: 190 weeks
       Total Number of relevant weeks: 156 weeks
       Total of hours worked in a week: 64 hours
       Total of overtime hours: 24 O/T hours weekly
       Total number of unpaid O/T hours: 24 O/T hours weekly
       Regular rate: $9.00 an hour x 1.5=$13.50

> O/T rate $13.50 x24 O/T hours=$324.00 weekly x 156 weeks=$50,544.00

   c. <u>Nature of wages (e.g. overtime or straight time):</u>

   This amount represents unpaid overtime wages.

36. At all times material, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

37. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

38. At the times mentioned, individual Defendants EVENS SAINVIL, and ANASTHASIE OSIRUS were the owners and operators of STUART SUPREME. Defendants EVENS SAINVIL, and ANASTHASIE OSIRUS were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of corporate Defendant STUART SUPREME in relation to its employees, including Plaintiff and others similarly situated.  Defendants EVENS SAINVIL, and ANASTHASIE OSIRUS had financial and operational control of the Corporation, they were responsible for Plaintiff and

other similarly situated employees' working conditions, and they are jointly and severally liable for Plaintiff's damages.

39. Defendants STUART SUPREME, EVENS SAINVIL, and ANASTHASIE OSIRUSP willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

40. Plaintiff seeks to recover unpaid overtime wages accumulated during his relevant time of employment with Defendants as allowable by law.

41. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JUAN A. CALDERON and other similarly situated individuals and against the Defendants STUART SUPREME, EVENS SAINVIL, and ANASTHASIE OSIRUSP based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JUAN A. CALDERON actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff JUAN A. CALDERON demands trial by jury of all issues triable as of right by a jury.

DATED: May 25, 2020

                                                        Respectfully submitted,

                                                        By: **/s/ Zandro E. Palma**
                                                        ZANDRO E. PALMA, P.A.
                                                        Florida Bar No.: 0024031
                                                        9100 S. Dadeland Blvd.
                                                        Suite 1500
                                                        Miami, FL 33156
                                                        Telephone: (305) 446-1500
                                                        Facsimile:  (305) 446-1502
                                                        zep@thepalmalawgroup.com
                                                        *Attorney for Plaintiff*